ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
   – and –
TRICIA L. McCORMICK (199239)
MICHAEL ALBERT (301120)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
triciam@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEPHEN LOPES, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> FITBIT, INC., et al., <br><br> Defendants. | Case No. 3:18-cv-06665-JST <br><br> **CLASS ACTION** <br><br> NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF <br><br> DATE:  February 7, 2019 <br> TIME:  2:00 p.m. <br> CTRM:  9, 19th Floor <br> JUDGE:  Hon. Jon S. Tigar |

1516945_1

1    TO:     ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

2          PLEASE TAKE NOTICE that on February 7, 2019, at 2:00 p.m., or as soon thereafter as the

3    matter may be heard in Courtroom 9 on the 19th Floor of the United States District Court for the

4    Northern District of California, 450 Golden Gate Avenue, San Francisco, CA, 94102 before the

5    Honorable Jon S. Tigar, class member Teamsters Local 710 Pension Fund (the "Pension Fund") will

6    and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995

7    ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) consolidating the related actions pursuant

8    to Fed. R. Civ. P. 42(a); (2) appointing the Pension Fund as lead plaintiff; and (3) approving the

9    Pension Fund's selection of Robbins Geller Rudman & Dowd LLP as lead counsel.  This Motion is

10   made on the grounds that the related actions allege substantially similar facts and raise identical legal

11   issues, and the Pension Fund is the most adequate plaintiff to serve as lead plaintiff in the

12   consolidated action.  In support of this Motion, the Pension Fund submits herewith a Memorandum

13   of Points and Authorities and the Declaration of Tricia L. McCormick ("McCormick Decl.").

14                           **MEMORANDUM OF POINTS AND AUTHORITIES**

15   **I.      INTRODUCTION**

16          Presently pending in this District are two related securities class action lawsuits brought

17   pursuant to §10(b) and §20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and

18   Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R.

19   §240.10b-5: (1) *Lopes v. Fitbit, Inc.*, No. 18-cv-06665-JST; and (2) *Patti v. Fitbit, Inc*., 18-cv-

20   06922-LHK (the "Related Actions").  Pursuant to the PSLRA, the Court must decide whether to

21   consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the

22   putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  As discussed below, the Related Actions should

23   be consolidated pursuant to Rule 42(a) because they each involve similar legal and factual issues.

24          Additionally, the PSLRA states that, the Court "shall appoint the most adequate plaintiff as

25   lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of

26   the purported plaintiff class that the court determines to be most capable of adequately representing

27   the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  The Pension Fund should be

28

1  appointed as lead plaintiff because it: (1) timely filed this Motion; (2) has a substantial financial

2  interest in the outcome of this litigation; and (3) will typically and adequately represent the class's

3  interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Pension Fund's selection of Robbins

4  Geller to serve as lead counsel should be approved because the Firm possesses extensive experience

5  prosecuting securities class actions and will adequately represent the interests of all class members.

6  **II.      STATEMENT OF ISSUES TO BE DECIDED**

7       1.      Whether the Court should consolidate the Related Actions pursuant to Rule 42(a) of

8  the Federal Rules of Civil Procedure;

9       2.      Whether the Court should appoint the Pension Fund as lead plaintiff pursuant to 15

10  U.S.C. §78u-4(a)(3)(B); and

11       3.      Whether the Court should approve the Pension Fund's selection of Robbins Geller as

12  lead counsel for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

13  **III.     STATEMENT OF FACTS**

14       Fitbit is a technology company that manufactures health-related devices.  The Company's

15  products include wearable devices – health and fitness trackers and smartwatches – that enable users

16  to view data about their daily activity, exercise, and sleep, in real-time.  Fitbit is incorporated in

17  Delaware and its principal executive offices are in San Francisco, California.  Fitbit's Class A

18  common stock trades on the New York Stock Exchange under the symbol "FIT."

19       The *Lopes* complaint alleges that throughout the Class Period, defendants made materially

20  false and/or misleading statements, as well as failed to disclose material adverse facts about the

21  Company's business, operations, and prospects. Specifically, the *Lopes* complaint alleges defendants

22  failed to disclose: (1) that the Company was struggling to transition its mission and differentiate

23  itself from Apple Inc. and other competitors; (2) that, as such, the Company was experiencing

24  increased competition; (3) that, as a result, demand and sell-through for the Company's existing and

25  new products were being negatively impacted; (4) that, as a result, the Company's sales and financial

26  results were weakening, and growth was slowing; (5) that the Company's financial guidance was

27  overstated; and (6) that, as a result of the foregoing, defendants' statements during the Class Period

28

NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL;
MEMORANDUM OF LAW IN SUPPORT THEREOF - 3:18-cv-06665-JST                    - 2 -

1   about Fitbit's business, operations, financial results, and prospects, were materially false and/or

2   misleading and/or lacked a reasonable basis. *See Lopes*, ECF No. 1 at ¶7.[1]

3         On November 2, 2016, Fitbit issued a press release announcing its financial results for the

4   third fiscal quarter of 2016, which disclosed that it was lowering its full year 2016 revenue guidance

5   to "between $2.320 billion and $2.345 billion," down from the previously-announced "$2.5 to $2.6

6   billion." *Lopes*, ECF No. 1 at ¶3.

7         On this news, the price of Fitbit's shares declined over 30%, causing substantial harm to

8   investors.

9         On January 30, 2017, Fitbit issued a press release announcing its preliminary fourth fiscal

10   quarter 2016 financial results, which disclosed that the Company expected fourth quarter of 2016

11   revenue to be in the range of $572 million to $580 million, rather than its previously announced

12   guidance range of $725 million to $750 million.  Fitbit further announced that it forecasted its annual

13   revenue growth to be approximately 17%, rather than the previously-announced forecast of 25% to

14   26%.

15         On this news, the price of Fitbit's shares declined over 15%, causing substantial harm to

16   investors.

17   **IV.   ARGUMENT**

18        **A.   This Court Should Consolidate the Related Actions to Promote Efficiency**

19

20         The PSLRA requires the Court to consolidate the Related Actions before appointing a lead

21   plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Consolidation pursuant to Rule 42(a) is proper when

22   actions involve common legal and factual questions. Fed. R. Civ. P. 42(a).  "'Courts have

23   ───────────────

24   [1]       The allegations in the *Patti* complaint are nearly identical.  *See Patti*, ECF No. 1 at ¶4
   ("Throughout the Class Period, Defendants made materially false and/or misleading statements

25   regarding the Company's business, operational and compliance policies.  Specifically, Defendants
   made false and/or misleading statements and/or failed to disclose that: (i) the Company was facing

26   headwinds, caused by greater competition in the marketplace; (ii) the Company was failing to
   differentiate its products from its competitors, including Apple Inc.'s ("Apple") Watch; (iii)

27   consequently, demand for Fitbit's products was faltering; (iv) the Company overstated its financial
   guidance; and (v) as a result, the Company's public statements were materially false and misleading

28   at all relevant times.").

1   recognized that class action shareholder suits are particularly well suited to consolidation pursuant to

2   Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the

3   need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of

4   time and money for all parties involved.'" *Hessefort v. Super Micro Computer, Inc.*, 317 F. Supp. 3d

5   1056, 1060 (N.D. Cal. 2018) (Tigar, J.) (citations omitted).  Furthermore, "[t]he district court has

6   broad discretion . . . to consolidate cases pending in the same district." *Investors Research Co. v.*

7   *U.S. Dist. Ct. for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989).

8        The Related Actions present virtually identical factual and legal issues, alleging the same

9   violations of the Exchange Act against similar defendants.  Because these Related Actions are based

10  on the same facts and legal issues, the same discovery will pertain to both lawsuits.  Thus,

11  consolidation is appropriate here.

12        **B.    The Pension Fund Is the "Most Adequate Plaintiff" and Should Be
             Appointed Lead Plaintiff**

13
14        The PSLRA establishes the procedures for the appointment of a lead plaintiff in "each private

15  action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the

16  Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).

17  First, the pendency of the action must be publicized in a widely circulated national business-oriented

18  publication or wire service not later than 20 days after filing of the first complaint.  15 U.S.C. §78u-

19  4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most

20  adequate plaintiff is the person or the group of persons that –

21        (aa) has either filed the complaint or made a motion in response to a notice . . . ;

22        (bb) in the determination of the court, has the largest financial interest in the relief
             sought by the class; and

23        (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil
             Procedure.

24
25  15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).  The

26  Pension Fund meets each of these requirements and should be appointed Lead Plaintiff.

27

28

1516945_1

NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL;
MEMORANDUM OF LAW IN SUPPORT THEREOF - 3:18-cv-06665-JST                    - 4 -

1.       **This Motion Is Timely**

The statutory notice of this action was published on November 1, 2018, advising class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed Class Period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days from the date of the notice, or by December 31, 2018.  *See* McCormick Decl., Ex. A.  Because this Motion is being filed on December 31, it is timely and the Pension Fund is entitled to be considered for appointment as lead plaintiff.

2.       **The Pension Fund Has a Substantial Financial Interest in the Relief Sought by the Class**

As evidenced by its PSLRA Certification, the Pension Fund purchased 52,300 shares of Fitbit stock during the Class Period and suffered over $300,000 in losses as a result of defendants' alleged misconduct.[2]  *See* McCormick Decl., Exs. B, C.  Therefore, the Pension Fund has a substantial financial interest in the relief sought by the class.

3.       **The Pension Fund Is Typical and Adequate of the Putative Class**

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage); *Super Micro Computer*, 317 F. Supp. 3d at 1060-61 ("Once a movant has demonstrated that it has the largest financial interest, it need only make a prima facie showing of its typicality and adequacy.")

The test of typicality is "'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'"  *Hanon v. Dataproducts Corp.*, 976

---

[2]       The Pension Fund suffered a loss of $305,921.17 calculated under the first-in, first-out accounting methodology, or $300,855.36 under the last-in, first-out methodology.

NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - 3:18-cv-06665-JST     - 5 -

1   F.2d 497, 508 (9th Cir. 1992) (citation omitted).  The adequacy requirement is met if no conflicts

2   exist between the representative and class interests and the representative's attorneys are qualified,

3   experienced and able to vigorously prosecute the action on behalf of the class.  *See* Fed. R. Civ. P.

4   23(a)(4).

5        Here, the Pension Fund purchased Fitbit securities and suffered harm when defendants'

6   alleged misconduct was revealed.  *See* McCormick Decl., Exs. B-C.  In addition, the Pension Fund's

7   substantial stake in the outcome of the case indicates it has the requisite incentive to vigorously

8   represent the class's claims.  Moreover, the Pension Fund is not aware of any conflicts between its

9   claims and those asserted on behalf of the putative class and is not subject to any unique defenses.

10  Finally, as discussed below, the Pension Fund has selected qualified counsel experienced in

11  securities litigation.

12       The Pension Fund's common interests shared with the class, substantial financial interest in

13  the litigation, and selection of qualified counsel demonstrate that it satisfies the Rule 23 inquiry.

14       **C.    The Court Should Approve the Pension Fund's Selection of Counsel**

15       The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to

16  the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  The Court should not disturb the lead

17  plaintiff's choice of counsel unless it is necessary to protect the interests of the class.  *In re Cohen*,

18  586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35.  The Pension Fund has

19  selected Robbins Geller as lead counsel in this case.

20       Robbins Geller, a 200-attorney firm with one of its principal offices in this District, regularly

21  practices complex securities litigation.  *See* McCormick Decl., Ex. D.  Courts throughout the

22  country, including this Court, have recognized Robbins Geller's significant experience in

23  successfully litigating complex securities class actions, which has resulted in the appointment of

24  Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*,

25  *Bodri v. GoPro, Inc.*, 2016 WL 1718217, at *5 (N.D. Cal. Apr. 28, 2016) (Tigar, J.) (finding that

26  Robbins Geller "has extensive experience in litigating complex securities class actions" and that "the

27  Court is satisfied that the lead plaintiff has made a reasonable choice of lead counsel"); *Super Micro*

28

1516945_1

NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL;
MEMORANDUM OF LAW IN SUPPORT THEREOF - 3:18-cv-06665-JST                     - 6 -

1  *Computer*, 317 F. Supp. 3d at 1062 (approving Robbins Geller as lead counsel and finding that

2  "Robbins Geller has experience as lead counsel in securities class action lawsuits, including lawsuits

3  in this district."); McCormick Decl., Ex. D.  Accordingly, the Pension Fund's selection of counsel is

4  reasonable and should be approved.

5  **V.      CONCLUSION**

6          The Related Actions are substantially similar in facts and legal issues, and should be

7  consolidated for all purposes.  Additionally, the Pension Fund has satisfied each of the PSLRA's

8  requirements for appointment as lead plaintiff.  As such, the Pension Fund respectfully requests that

9  the Court consolidate the Related Actions, appoint the Pension Fund as Lead Plaintiff, and approve

10  its selection of counsel.

11  DATED:  December 31, 2018                 Respectfully submitted,

12                                            ROBBINS GELLER RUDMAN
                                                & DOWD LLP
13                                            TRICIA L. McCORMICK
                                              MICHAEL ALBERT

14

15

16                                                s/ TRICIA L. McCORMICK
                                                 TRICIA L. McCORMICK

17
                                              655 West Broadway, Suite 1900
18                                            San Diego, CA  92101
                                              Telephone:  619/231-1058
19                                            619/231-7423 (fax)

20                                            ROBBINS GELLER RUDMAN
                                                & DOWD LLP
21                                            SHAWN A. WILLIAMS
                                              Post Montgomery Center
22                                            One Montgomery Street, Suite 1800
                                              San Francisco, CA  94104
23                                            Telephone:  415/288-4545
                                              415/288-4534 (fax)
24
                                              [Proposed] Lead Counsel for [Proposed] Lead
25                                            Plaintiff

26

27

28

1516945_1

NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL;
MEMORANDUM OF LAW IN SUPPORT THEREOF - 3:18-cv-06665-JST                    - 7 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on December 31, 2018 e electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

<u>s/ TRICIA L. McCORMICK</u>
TRICIA L. McCORMICK

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  triciam@rgrdlaw.com

# Mailing Information for a Case 3:18-cv-06665-JST Lopes v. Fitbit, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennifer Corinne Bretan**
  jbretan@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com,aepstein@fenwick.com

- **Alexis I. Caloza**
  acaloza@fenwick.com,pnichols@fenwick.com,mfenzel@fenwick.com,kmarshall@fenwick.com

- **Lionel Zevi Glancy**
  lglancy@glancylaw.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Susan Samuels Muck**
  smuck@fenwick.com,kayoung@fenwick.com,rpelayo@fenwick.com,recordsecf@fenwick.com

- **Lesley F Portnoy**
  lportnoy@glancylaw.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,info@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com

- **Laurence M. Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)