UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN LOPES,<br><br>Plaintiff,<br><br>v.<br><br>FITBIT, INC., et al.,<br><br>Defendants. | Case No. 18-cv-06665-JST<br><br>**ORDER CONSOLIDATING CASES AND APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>Re: ECF No. 26 |

Before the Court is Plaintiff Irving Lubman's motion to consolidate *Lopes v. Fitbit Inc.*, Case No. 18-cv-6665, with *Patti v. Fitbit, Inc.*, Case No. 18-cv-6922 ("Related Securities Class Actions"), to appoint Lubman as Lead Plaintiff, and to approve Lubman's selection of counsel for the class. ECF No. 26. The Court will grant the motion.

**I.    CONSOLIDATION**

**A.    Legal Standard**

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Inv'rs Research Co. v. U.S. Dist. Court*, 877 F.2d 777, 777 (9th Cir. 1989). "In determining whether or not to consolidate cases, the Court should 'weigh the interest of judicial convenience against the potential for delay, confusion and prejudice.'" *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (quoting *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 806-07 (N.D. Cal. 1989)).

**B.    Analysis**

The Related Securities Class Actions are both putative class actions brought on behalf of

"persons and entities that acquired Fitbit securities between August 2, 2016 and January 30, 2017, inclusive (the 'Class Period'), seeking to pursue remedies under the Securities Exchange Act of 1934 (the 'Exchange Act')." *Lopes* Compl., ECF No. 1; *see Patti* Compl., ECF No. 1. Both complaints allege that Defendants made materially false and misleading statements, primarily by overstating Fitbit's financial guidance and failing to disclose that the company was struggling to differentiate itself from its competitors. *Id.* The complaints rely on largely the same statements and omissions. *Id.* Defendants agree that the cases involve common questions of law and fact and should be consolidated. ECF No. 40 at 2. Thus, the Court concludes that judicial convenience and a just, efficient resolution of the parties' claims would be best served by consolidating the Related Securities Class Actions.

## II. APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

### A. Legal Standard

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that "[n]ot later than 20 days after the date on which the complaint is filed," the plaintiff shall publish a notice alerting members of the purported class of "the pendency of the action, the claims asserted therein, and the purported class period." 15 U.S.C. § 78u-4(3)(a)(i). The notice should also inform potential class members that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(3)(a)(i)(II).

Under the PSLRA, "[t]he 'most capable' plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, so long as [the proposed lead plaintiff] meets the requirements of Rule 23" of the Federal Rules of Civil Procedure. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). After the Court makes its determination of the presumptive lead plaintiff, other plaintiffs in the class will be provided with "an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* at 730. "If, as a result of this process, the district court determines that the presumptive lead plaintiff does not meet the typicality or adequacy requirement, it then must proceed to determine whether the plaintiff with the next lower stake in the litigation has made a prima facie showing of typicality and adequacy." *Id.* at 731.

"The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice," and "should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." *Cohen v. U.S. Dist. Court*, 586 F.3d 703, 711-12 (9th Cir. 2009).

**B.   Analysis**

The Court finds that Lubman is the plaintiff with the largest financial stake in the lawsuit, having suffered a loss of over $300,000. ECF No. 26 at 7. The other plaintiffs who moved to be appointed Lead Plaintiff have since withdrawn their motions, acknowledging that they do not have the largest financial interest. *See* ECF No. 45 (Lubman's notice of non-opposition); ECF Nos. 15, 39 (Wesley Archer, asserting he lost $200,661, then withdrawing his motion in recognition that Lubman has the largest financial interest); ECF Nos. 20, 42 (Teamsters Local 710 Pension Fund, claiming losses of over $300,000 but acknowledging that its loss is not the largest); ECF Nos. 28, 44 (Jason Rylander, alleging losses of over $99,000 but recognizing that it appears he does not possess the largest financial interest); ECF Nos. 31, 43 (Fitbit Investor Group, comprised of Robert Sherman, Jeff Sharp, and Ananda Patti, claiming losses between $226,302 and $247,669 but then admitting that it appears not to have the largest financial interest). Because Lubman has the largest financial stake, he is the presumptive Lead Plaintiff.

In addition to having the largest financial interest in this litigation, Lubman has made a prima facie showing that he satisfies the requirements of Rule 23. First, he meets the typicality requirement. The legal and factual bases of Lubman's claim revolve around whether Defendants publically disseminated false and misleading statements and the effect of those alleged statements. The same is true for the rest of the putative class. Lubman also meets Rule 23's adequacy requirement. His interests are closely aligned with those of the other class members, with no apparent antagonism between them. Therefore, the Court appoints Lubman as Lead Plaintiff.

Lubman is represented by Glancy Prongay & Murray LLP and asks the Court to approve that firm as Lead Counsel. ECF No. 26 at 9-10. The firm has experience with securities class actions and has served as lead counsel in similar cases in this district. ECF No. 27-4 at 2-4. The Court concludes Glancy Prongay & Murray LLP will provide effective representation to the class.

## CONCLUSION

The Court grants the motion to consolidate *Lopes v. Fitbit Inc.*, Case No. 18-cv-6665, with *Patti v. Fitbit, Inc.*, Case No. 18-cv-6922. The Court appoints Irving Lubman as Lead Plaintiff and approves Glancy Prongay & Murray LLP as Lead Counsel for the class.

**IT IS SO ORDERED.**

Dated: April 25, 2019



JON S. TIGAR
United States District Judge